IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEITH PERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 15-cv-6893 |
| vs. ) | |
| ) | |
| STATE OF ILLINOIS DEPARTMENT ) | JURY DEMANDED |
| OF HUMAN SERVICES ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

**NOW COMES** the Plaintiff, KEITH PERRY, by and through his attorneys, Jonathan C. Goldman, Josiah R. Jenkins and Arthur R. Ehrlich of the Law Offices of GOLDMAN & EHRLICH, and complaining against the Defendant, STATE OF ILLINOIS DEPARTMENT OF HUMAN SERVICES, states as follows:

### JURISDICTION, VENUE, AND THE PARTIES

1. This is an action for discrimination on the basis of the Plaintiff's gender (male), Age (over 40), and retaliation for opposing discrimination in violation of Title VII of the Civil Rights Act, 42, U.S.C. 2000e et seq. and the Age Discrimination in Employment Act, 29 U.S.C. 621 et seq.

2. The Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §1331, 42 U.S.C. §2000e, et seq, and 29 U.S.C. 621 et seq.

3. The Plaintiff demands a trial by Jury.

4. On January 3, 2013, the Plaintiff filed a Charge of Discrimination with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC") alleging gender, age, and reprisal discrimination (Charge No. 2013 CA 1766). On July 11, 2013, the Plaintiff filed a Charge of Discrimination with the IDHR and EEOC alleging reprisal

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC No. 06210828

discrimination (Charge No. 2014 CF 0065). On August 29, 2013, the Plaintiff filed a charge of discrimination with the IDHR and EEOC alleging reprisal discrimination (Charge No. 2014 CF 0476). On April 9, 2014, the Plaintiff filed a charge of discrimination with the IDHR and EEOC alleging gender, age and reprisal discrimination (Charge No. 2014 CA 2631). On May 15, 2015, the EEOC issued correspondence titled "Transmittal to Department of Justice of Request for Right to Sue." The correspondence indicated that "If there are ADEA/EPA allegations in the charge, we have enclosed the notice of Right to sue for them." Even though the January 3, 2013 and the August 9, 2014 charges contain allegations of violations of the ADEA, no document was attached. Regardless, this case is being filed within 90 days of receipt of the May 15, 2015 correspondence. Upon receipt of the right to sue from the Department of Justice, the Plaintiff will amend his complaint.

5. Venue is proper in the Northern District of Illinois, Eastern Division because the acts alleged occurred within this district.

6. The Plaintiff, Keith Perry, is a male over the age of forty who is a resident of Chicago, Cook County, Illinois.

7. The Defendant, State of Illinois Department of Human Services is an agency of the State of Illinois.

## BACKGROUND

8. The Plaintiff began working for the Defendant on November 2, 1998. He was last employed as a Case Worker. The Plaintiff's job performance as a case worker met the Defendant's legitimate expectations.

9. The Complainant filed a charge of discrimination with the IDHR on October 30, 2002.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC No. 06210828

10. From March 2012 through December 2012, the Plaintiff was subjected to harassment and discriminatory actions from his supervisors and coworkers. The conduct included, but was not limited to the following:

a. Being falsely accused of not following policies;

b. Being falsely accused of engaging in violence in the workplace;

c. Being falsely accused of directing clients to call Springfield to complaint about another employee;

d. Being given conflicting supervisory instructions;

e. Having his job security threatened;

f. Forcing him to work overtime without compensation;

g. Issuing him a written warning on June 6, 2012 without justification;

h. Issuing him a suspension on August 10, 2012 without justification;

I. Issuing him a written warning on August 28, 2012 without justification;

J. Reassigning him on December 13, 2012 from the intake unit to the field staff without justification;

k. Failing to provide him with training after reassigning him to the field staff; and

l. Issuing him a 29 day suspension on December 31, 2012 without justification.

11. The Plaintiff filed a charge of discrimination alleging gender, age, and reprisal discrimination with regard to the issues identified in paragraph 10 on January 3, 2013.

12. Subsequent to the January 3, 2013 filing, the Defendant became aware of the Plaintiff's charge. The Plaintiff was then subjected to further harassment and discriminatory actions from his supervisors and coworkers. The conduct included but was not limited to the following:

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC No. 06210828

3

    a.    Charollet Griffin, Human Service Caseworker who the Plaintiff had named in the January 3, 2013 charge, left her work station and came to Plaintiff's unit on another floor on numerous occasions without justification or authority in order to intimidate and harass the Plaintiff;

    b.    Griffin on numerous occasions watched the Plaintiff and noted the times of his departures;

    c.    Griffin falsely accused the Plaintiff of threatening her and using profanity against her; and

    d.    On August 28, 2013, the Defendant issued the Plaintiff a 45 day suspension without justification.

13.    On July 11, 2013 and August 29, 2013, the Plaintiff filed charges of discrimination with regard to the issues identified in paragraph 12. The Plaintiff pursued the three charges he filed through the IDHR and otherwise continually opposed the Defendant's discriminatory conduct.

14.    On April 4, 2014, the Plaintiff was discharged effective May 7, 2014. He was also suspended pending discharge on April 7, 2014. The Defendant's stated reason for discharging the Complainant was "conduct unbecoming a state employee."

## COUNT I - GENDER DISCRIMINATION

15.    The majority of the Plaintiff's coworkers and managers were females. The female employees of the Defendant were treated better than the Plaintiff and were allowed by management to harass and intimidate the Plaintiff.

16.    The Defendant was aware of the harassment by female employees and supervisors and failed to take appropriate remedial action to prevent it from recurring. The Defendant's issuance of discipline against the Plaintiff was without justification and a pretext for

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC No. 06210828

4

discrimination. Similarly situated female employees who engaged in actions for which the Plaintiff was accused were not treated as harshly.

17. The Defendant's conduct constitutes a violation of Title VII of the Civil Rights Act, 42 U.S.C. 2000e et seq.

18. As a result of the Defendant's above-stated actions, the Plaintiff has been deprived of wages and other employment benefits.

19. Furthermore, the Plaintiff has suffered extreme mental anguish, physical stress, and other injuries and is entitled to compensatory damages.

20. The Plaintiff is also entitled to reimbursement of his costs and attorneys fees.

**WHEREFORE,** the Plaintiff requests judgment in his favor and against the Defendant and the following relief:

   A.   Back pay;

   B.   Compensatory damages;

   C.   Reimbursement of the Plaintiff's costs and an award of reasonable attorney's fees; and

   D.   Any other and further relief as this court may deem just and proper.

## COUNT II - AGE DISCRIMINATION

1-14. The Plaintiff realleges paragraphs 1 through 14 as paragraphs 1 through 14 of this Count II.

15. At the time of the Incidents in question, the Plaintiff was between the ages of 47 and 49 years old. The majority of the Plaintiff's coworkers and managers were younger than the Plaintiff. The younger employees of the Defendant were treated better than the Plaintiff and were allowed by management to harass and intimidate the Plaintiff.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC No. 06210828

16. The Defendant was aware of the harassment and failed to take appropriate remedial action to prevent it from recurring. The Defendant's issuance of discipline against the Plaintiff was without justification and a pretext for discrimination. Similarly situated younger employees who engaged in conduct for which the Plaintiff was accused were not treated as harshly.

17. The Defendant's conduct constitutes a violation of the Age Discrimination in Employment Act, 29 U.S.C. 621 et seq.

18. As a result of the Defendant's actions, the Plaintiff has been deprived of the wages and employment benefits that he would have received had he not been discriminatorily discharged and is, therefore, entitled to an award of back pay.

19. In addition, the Plaintiff is entitled to either reinstatement or front pay.

20. Furthermore, as a result of the Defendant's willful violation of the Act, the Plaintiff is entitled to liquidated damages.

21. The Plaintiff is also entitled to reasonable attorney's fees and her costs of suit.

WHEREFORE, the Plaintiff prays that this Court enter judgment in favor of the Plaintiff and against the Defendant and award the following relief:

    A.    Back pay;

    B.    Reinstatement or front pay;

    C.    liquidated damages;

    D.    Reasonable attorneys fees and costs of suit; and

    E.    Any other and further relief as this Court deems just.

## COUNT III - RETALIATION

1-14. The Plaintiff realleges paragraph 1 through 14 of Count II as paragraphs 1 through 14 of this Count III.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC No. 06210828

15. The Plaintiff complained about the harassment and discipline without justification both internally and with the IDHR and EEOC. The Defendant became aware of his complaints and subjected him to further discipline and harassment in retaliation. The Plaintiff made further complaints both internally and through the IDHR and EEOC and also continued to oppose discrimination through those processes. In retaliation, the Plaintiff was discharged without justification. The Plaintiff's complaints and continued opposition to discrimination took place in close temporal proximity to the harassment and adverse actions that were taken against the Plaintiff creating the inference that the Plaintiff was harassed, subjected to false discipline and discharged in retaliation for his opposition to discrimination.

17. The Defendant's conduct constitutes a violation of Title VII of the Civil Rights Act, 42 U.S.C. 2000e et seq. as well as the Age Discrimination in Employment Act, 29 U.S.C. 2000e et seq.

18. As a result of the Defendant's above-stated actions, the Plaintiff has been deprived of wages and other employment benefits.

19. Furthermore, the Plaintiff has suffered extreme mental anguish, physical stress, and other injuries and is entitled to compensatory damages.

20. The Plaintiff is also entitled to reimbursement of his costs and attorneys fees.

WHEREFORE, the Plaintiff requests judgment in his favor and against the Defendant and the following relief:

A. Back pay;

B. Compensatory damages;

C. Reimbursement of the Plaintiff's costs and an award of reasonable attorney's fees; and

D. Any other and further relief as this court may deem just and proper.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC No. 06210828

    /s/ Jonathan C. Goldman
Jonathan C. Goldman of the Law Offices of Goldman & Ehrlich, as attorneys for Keith Perry

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC No. 06210828

8