IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEITH PERRY, | ) | |
| | ) | Case No. 15 CV 6893 |
| Plaintiff, | ) | |
| | ) | Judge Andrea R. Wood |
| v. | ) | |
| | ) | Magistrate Judge Jeffrey Cole |
| STATE OF ILLINOIS DEPARTMENT | ) | |
| OF HUMAN SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO PARTIALLY DISMISS PLAINTIFF'S COMPLAINTAND FOR AN
EXTENSION OF TIME TO ANSWER PORTIONS OF COUNTS II AND III**

NOW COMES Defendant ILLINOIS DEPARTMENT OF HUMAN SERVICES ("DHS"), by and through its attorney, LISA MADIGAN, Attorney General of the State of Illinois, and pursuant to Federal Rule of Civil Procedure 12(b)(6), requests that this Court dismiss Count I of Plaintiff Keith Perry's Complaint, as well as Plaintiff's claims that fall outside of his Charges of Discrimination, Plaintiff's sex and age discrimination claims based upon the issuance of written warnings in Counts I and II, and Plaintiff's retaliation claims in Count III based upon his October 30, 2002 Charge of Discrimination and alleged internal complaints. DHS further requests an extension of time pursuant to Rule 6(b) to answer the remaining allegations in Counts II and III. In support of its combined Motion, DHS states as follows:

**INTRODUCTION**

On August 6, 2015, Plaintiff Keith Perry ("Plaintiff") initiated this lawsuit against his former employer DHS, alleging that it discriminated against him on the basis of his sex and age (over 40), and retaliated against him for opposing discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* and the Age Discrimination in Employment

Act, 29 U.S.C. § 621 *et seq.* Compl. ¶ 1, ECF No. 1.

Plaintiff was employed by DHS as a Case Worker prior to his termination for "conduct unbecoming a state employee" on May 7, 2014. *Id.* ¶¶ 8, 14. On October 30, 2002, Plaintiff filed a Charge of Discrimination with the Illinois Department of Human Rights (IDHR). *Id.* ¶ 9. Plaintiff contends that from March 2012 through December 2012, he was subjected to harassment and discriminatory actions from both his supervisors and coworkers. *Id.* ¶ 10. Specifically, Plaintiff alleges that: (1) he was falsely accused of not following policies; (2) he was falsely accused of engaging in violence in the workplace; (3) he was falsely accused of directing clients to call Springfield to complain about another employee; (4) he was given conflicting supervisory instructions; (5) he had his job security threatened; (6) he was forced to work overtime without compensation; (7) he was issued a written warning on June 6, 2012; (8) he was issued a suspension on August 10, 2012; (9) he was issued a written warning on August 28, 2012; (10) he was reassigned on December 13, 2012 from the intake unit to the field staff; (11) he was not provided training after this reassignment; and (12) he was issued a twenty-nine (29) day suspension on December 31, 2012. *Id.*

Between January 3, 2013 and April 9, 2014, Plaintiff filed four Charges of Discrimination with the IDHR, which were cross-filed with the Equal Employment Opportunity Commission (EEOC). Compl. ¶ 4. The allegations enumerated above as 1 through 6 form the basis of the January 3, 2013 Charge, No. 2013 CA 1766, alleging harassment based on sex, age, and in retaliation for filing a Charge of Discrimination with the IDHR on October 30, 2002. Ex. A, at 2-4.[1] Whereas the allegations enumerated above as 7 through 12 form the basis of this Charge alleging discrete acts of sex, age, and reprisal discrimination. *Id.* at 4-9.

---

[1] The Court may consider Plaintiff's IDHR Charges in analyzing the instant Motion to Dismiss because Plaintiff refers to the administrative Charges in his complaint and they are central to his claims, *id.* ¶ 4;

2

Plaintiff contends that DHS became aware of this Charge and was subsequently subjected to further harassment and discriminatory actions from his supervisors and coworkers. Compl. ¶ 12. Plaintiff alleges that he was subjected to the following conduct: (1) that on numerous occasions Charlotte Griffin ("Griffin"), a Human Services Case Worker who was named in the January 3, 2013 Charge, left her work station and went to Plaintiff's unit on another floor; (2) that on numerous occasions Griffin watched Plaintiff and noted the times of his departures; (3) that Griffin falsely accused Plaintiff of threatening her and using profanity against her; (4) and that on August 28, 2013, DHS issued Plaintiff a forty-five (45) day suspension. *Id.*

On July 11, 2013, Plaintiff filed a second Charge in the IDHR, No. 2014 CF 0065, alleging harassment based upon the conduct enumerated above as 1 through 3 in retaliation for filing his January 3, 2013 Charge. Ex. B. On August 29, 2013, Plaintiff filed a third Charge, No. 2014 CF 0476, alleging that he was issued a forty-five (45) day suspension in retaliation for filing the January 3, 2013 and July 11, 2013 Charges with the IDHR. Ex. C.

On April 4, 2014, Plaintiff was issued notice that DHS was seeking his discharge for "conduct unbecoming a state employee." Compl. ¶ 14. Plaintiff was issued a suspension pending discharge on April 7, 2014. *Id.* His discharge was effective May 7, 2014. *Id.* On April 9, 2014, Plaintiff filed a fourth Charge, No. 2014 CA 2631, alleging sex, age, and reprisal discrimination based upon his suspension pending discharge and discharge. Ex. D.

Plaintiff now seeks relief for alleged sex discrimination (Count I), age discrimination (Count II), and retaliation (Count III). As argued below, Count I should be dismissed for lack of a right-to-sue letter. Additionally, Plaintiff's claims that fall outside of his Charges of

---

therefore, the Charges are considered as part of the pleadings, *Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 505 (7th Cir. 2013) ("'[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim.'" (quoting *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006))); *see* Fed. R. Civ. P. 10(c).

3

Discrimination should be dismissed, as well as Plaintiff's sex and age discrimination claims based upon the issuance of written warnings in Counts I and II, and Plaintiff's retaliation claims in Count III alleging harassment and discipline based upon his October 30, 2002 IDHR Charge and internal complaints.

## STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To satisfy this plausibility standard, a plaintiff's complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (internal quotation marks and citation omitted). In deciding a motion to dismiss, all of the well-pleaded factual allegations contained in the complaint must be accepted as true and construed in the light most favorable to the plaintiff. *Id.* The Court "must consider not only 'the complaint itself,' but also 'documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice.'" *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019-20 (7th Cir. 2013) (quoting *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012)). "To the extent that an exhibit attached to or referenced by the complaint contradicts the complaint's allegations, the exhibit takes precedence." *Id.* at 1020 (citing *Forrest v. Universal Sav. Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007)).

In addition, a plaintiff may plead himself out of court by "pleading facts that establish an impenetrable defense to [his] claims." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008) (citing *Massey v. Merrill Lynch & Co.*, 464 F.3d 642, 650 (7th Cir. 2006)); *see also Atkins*

4

*v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011) ("[A plaintiff] can plead himself out of court by pleading facts that show he has no legal claim." (citations omitted)). "Dismissal is proper if 'it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief.'" *Wilson v. Price*, 624 F.3d 389, 392 (7th Cir. 2010) (quoting *Kennedy v. Nat'l Juvenile Det. Ass'n*, 187 F.3d 690, 694 (7th Cir. 1999)).

## ARGUMENT

I. **Plaintiff has Failed to his Exhaust Administrative Remedies.**

    A. *Plaintiff's Title VII Claims are Deficient for Failure to Receive A Right to Sue Letter.*

It is well-established that prior to bringing a Title VII claim, a plaintiff must file a Charge of Discrimination with the EEOC and receive a right-to-sue notice. *Conner v. Ill. Dep't of Natural Res.*, 413 F.3d 675, 680 (7th Cir.2005). Failure to obtain a right-to-sue notice is not a jurisdictional prerequisite to a Title VII suit; rather, it renders a complaint deficient and subject to dismissal. *Worth v. Tyer*, 276 F.3d 249, 259 (7th Cir. 2001). Here, Plaintiff concedes that he lacks a right-to-sue notice. Compl. ¶ 4 ("Upon receipt of the right to sue from the Department of Justice, the Plaintiff will amend his complaint."). Because Plaintiff has not received a right-to-sue letter, the Court should dismiss his claims under Title VII (Count I).

    B. *Plaintiff is Barred from Proceeding with his Harassment/Retaliation Claims for Filing an October 30, 2002 IDHR Charge.*

Plaintiff has also failed to exhaust his administrative remedies with respect to his retaliation claims (Count III) based upon the October 30, 2002 Charge of Discrimination filed with the IDHR. Where, as here, a plaintiff voluntarily withdraws claims before the IDHR, he cannot exhaust his administrative remedies and is therefore barred from proceeding with those claims. *Anderson v. Ctrs. for New Horizons, Inc.*, 891 F. Supp. 2d 956, 959-60 (N.D. Ill. 2012)

("As a result of having withdrawn the charge, plaintiff cannot now exhaust her administrative remedies and is barred from proceeding with her civil lawsuit against defendants based on age discrimination under the IHRA"); *Smuk v. Specialty Foods Grp., Inc.*, No. 13 C 8282, 2015 WL 969969, at *1 (N.D. Ill. Mar. 2, 2015) (holding that documents evidencing the plaintiff's withdrawal of his IHRA charge demonstrates conclusively that he has failed to exhaust his administrative remedies); *Johnson v. Jewel Food Stores, Inc.*, No. 98 C 4440, 2000 WL 876093, at *2 (N.D. Ill. 2000) ("[B]ecause Johnson voluntarily withdrew her race discrimination claim before the Illinois Department of Human Rights ("IDHR"), she has failed to exhaust her administrative remedies, and may not bring her claim under the Illinois Human Rights Act ("IHRA").").

Plaintiff voluntarily withdrew the following parts of his January 3, 2013 Charge filed with the IDHR: (1) harassment/retaliation for filing a previous charge; (2) retaliation for filing a previous charge based upon the June 6, 2012 written warning; (3) retaliation for filing a previous charge based upon August 10, 2012 suspension; (4) retaliation for filing a previous charge based upon the August 28, 2012 written warning; (5) retaliation for filing a previous charge based upon the December 13, 2012 job reassignment; and (6) retaliation for filing a previous charge based upon the December 31, 2012 suspension. Ex. E.[2] Accordingly, the Court should dismiss all claims based upon these withdrawn allegations.

### C. Plaintiff's Claims are Largely Outside of his IDHR Charge of Discrimination.

Plaintiff's ambiguous complaint fails to parse the allegations in support of his different theories of discrimination. To the extent Plaintiff alleges that all of the conduct identified in his complaint support his sex, age, and reprisal harassment claims, as well as his claims for sex, age,

---

[2] Because the Court may take judicial notice of matters of public record, it need not convert the instant Motion to Dismiss into a motion for summary judgment. *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012) (citing *Doss v. Clearwater Title Co.*, 551 F.3d 634, 640 (7th Cir. 2008)); *see* Fed. R. Civ. P. 12(d).

and reprisal discrimination, his claims fall outside of his IDHR Charges, and therefore should be dismissed. As a general rule, a plaintiff cannot bring claims in a lawsuit that were not included in his IDHR/EEOC charge. *Sauzek v. Exxon Coal USA, Inc.*, 202 F.3d 913, 920 (7th Cir. 2000) (ADEA); *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) (Title VII). The only exception to this rule is for claims that are "like or reasonably related" to a claim that was included in the charges and can be reasonably expected to grow out of an investigation of the allegations in the charges. *See, e.g.*, *Cheek*, 31 F.3d at 500. Indeed, "[b]ecause an employer may discriminate on the basis of sex in numerous ways, a claim of sex discrimination in an EEOC charge and a claim of sex discrimination in a complaint are not alike or reasonably related just because they both assert forms of sex discrimination." *Id.* Claims "are not alike or reasonably related unless there is a factual relationship between them," i.e., "the EEOC charge and the complaint must, at minimum, describe the same conduct and implicate the same individuals." *Id.*

Here, Plaintiff filed four separate Charges with the IDHR, which clearly delineate the allegations supporting his harassment, discrimination, and retaliation claims. The conduct described for each claim is separate and distinct and therefore is not reasonably related to his other claims. *See Sauzek*, 202 F.3d at 920.

For example, Plaintiff's January 3, 2013 Charge lists the following harassing conduct based upon Plaintiff's sex and age: that Plaintiff was accused of not following policies, engaging in violence in the workplace, and directing clients to call Springfield to complain about another employee; that he was given conflicting supervisory instructions; that Lois Gillespie ("Gillespie") threatened his job; and that on July 10, 2012, Gillespie instructed him to "pull a customer" according to new management protocol and, as a result, he worked fifteen (15) minutes over his quitting time without compensation. Ex. A. In Plaintiff's July 11, 2013

Charge, he alleges retaliatory harassment based upon his January 3, 2013 Charge. Ex. B. Specifically, in this second Charge, Plaintiff lists the following harassing conduct which is different from his first Charge: that Griffin accused Plaintiff of threatening her and using profanity towards her and that on numerous occasions Griffin went to Plaintiff's unit on another floor for no reason, watched Plaintiff, and noted the times of his departures. *Id.*

With respect to sex and age discrimination, Plaintiff's January 3, 2013 Charge lists the following conduct: he was issued a written warning on June 6, 2012 for rude and discourteous behavior; he was issued a suspension on August 10, 2012 for failure to follow supervisory instructions and inappropriate behavior; he was issued a written warning on August 28, 2012 for failure to follow supervisory instructions; he was reassigned on December 13, 2012 from the intake unit to the field staff without proper training; and he was issued a twenty-nine (29) day suspension on December 31, 2012 for conduct unbecoming a state employee. Ex. A. Plaintiff's April 9, 2014 Charge further alleges sex and age discrimination based upon his suspension pending discharge, and discharge for conduct unbecoming a state employee. Ex. D.

Plaintiff also separately alleges that he was retaliated against for filing Charges of Discrimination with the IDHR. In his August 29, 2013 Charge, Plaintiff alleges that on August 28, 2012 he was issued a forty-five (45) day suspension in retaliation for filing his January 3, 2013 and July 11, 2013 Charges. Ex. C. Further, Plaintiff's April 9, 2014 Charge alleges that he was suspended pending discharge on April 7, 2014, and discharged for conduct unbecoming a state employee on April 4, 2014, effective May 7, 2014, in retaliation for filing the October 30, 2002, January 3, 2013, July 11, 2013, and August 29, 2013 Charges. Ex. D. Because Plaintiff's IDHR Charges allege conduct in support of his harassment claims that is wholly independent from the conduct alleged in support of his discrimination and retaliation claims, Plaintiff's

8

inartful pleading—combining all forms of harassment, discrimination, and retaliation—falls outside the scope of his IDHR Charges. "These differences between the claims in the complaint and the allegations in the charge cannot be overlooked, even under the liberal standard of pleading applied to allegations in an [IDHR] charge." *Cheek*, 31 F.3d at 502.

## II. Written Warnings are not Adverse Employment Actions

In Counts I and II, Plaintiff alleges that he was subjected to sex and age discrimination, respectively, when DHS issued discipline against Plaintiff without justification. Compl. ¶ 16, at pp. 4, 6. To state a claim for employment discrimination, Plaintiff must allege that DHS instituted a specific adverse employment action against him on the basis of his sex or age. *See Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014) (citations omitted); *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007). Here, Plaintiff alleges, *inter alia*, that DHS issued him written warnings on June 6, 2012 and August 28, 2012. Compl. ¶ 10. Written warnings, however, do not constitute adverse actions. *Whittaker v. N. Ill. Univ.*, 424 F.3d 640, 648 (7th Cir. 2005); *Oest v. Ill. Dep't of Corr.*, 240 F.3d 605, 613 (7th Cir. 2001); *see also Sweeney v. West*, 149 F.3d 550, 556 (7th Cir. 1998) ("Absent some tangible job consequence accompanying [the] reprimands, we decline to broaden the definition of adverse employment action to include them."); *Lewis v. Donahue*, No 14 C 6707, 2015 WL 3798005, at *1 (N.D. Ill. Aug. 17, 2015) (granting motion to dismiss on the ground that a letter was not an adverse employment action). Thus, Plaintiff's sex and age discrimination claims based upon DHS's issuance of written warnings should be dismissed.

## III. Plaintiff's Retaliation Claims based upon the October 30, 2002 IDHR Charge Should be Dismissed for Failure to State a Basis for Relief

In Count III, Plaintiff alleges that he was subjected to discipline and harassment in retaliation for his complaints both internally and with the IDHR and EEOC. Compl. ¶ 15, at p. 7.

9

To survive a motion to dismiss his retaliation claims, Plaintiff must allege that he engaged in statutorily protected activity, and was subjected to an adverse employment action as a result. *Carlson*, 758 F.3d at 828. "An employee engages in a protected activity by either: (1) filing a charge, testifying, assisting or participating in any manner in an investigation, proceeding or hearing under Title VII or other employment statutes; or (2) opposing an unlawful employment practice." *Northington v. H & M Int'l*, 712 F.3d 1062, 1065 (7th Cir. 2013). A retaliation claim is deficient when it is so "bare-bones that a lengthy time period between the protected activity and the alleged retaliation will make any causal connection between the two implausible." *Id.* Put differently, "[i]f the best a plaintiff can do is allege that he engaged in protected activity and then, years later, the employer took an adverse action against him, the claim may not be permitted to proceed." *Id.* (citing *Carmody v. Bd. of Tr. of Univ. of Ill.*, 747 F.3d 470, 480 (7th Cir. 2014)).

To the extent Plaintiff alleges that he was suspended pending discharge on April 7, 2014, and discharged for conduct unbecoming a state employee on April 4, 2014, effective May 7, 2014, in retaliation for filing the October 30, 2002 Charge, this claim should be dismissed. More than ten years has elapsed between his 2002 IDHR Charge and the conduct alleged in Plaintiff's complaint. Any causal connection between the two is implausible.

Moreover, Plaintiff fails to allege any facts to support his bare contention that he complained internally. Compl. ¶ 15, at p. 7. "Vague and obscure 'complaints' do not constitute protected activity." *Northington*, 712 F.3d at 1065 (citation omitted). "Merely complaining in general terms of discrimination . . . without indicating a connection to a protected class or providing facts sufficient to create that inference, is insufficient." *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663 (7th Cir. 2006) (citation omitted). Accordingly, the Court

should dismiss Plaintiff's retaliation claim based on his alleged internal complaints. *See Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) ("A complaint must allege facts to support a cause of action's basic elements; the plaintiff is required to do at least that much.").

### IV. DHS Moves for an Extension of Time to Answer the Remaining Portions of Plaintiff's Age and Retaliation Claims in Counts II and III.

Finally, pursuant to Rule 6(b), DHS requests that this Court extend its time to answer the remaining age and retaliation claims in Counts II and III until fourteen days after this Court rules on the instant Motion to Dismiss.

WHEREFORE, DHS respectfully requests that this Honorable Court dismiss Count I, dismiss Plaintiff's claims that fall outside of his IDHR Charges, dismiss Plaintiff's allegations based upon the issuance of written warnings in both Counts I and II, dismiss Plaintiff's retaliation claims in Counts III alleging harassment and discipline based upon his October 30, 2002 IDHR Charge and alleged internal complaints, and grant them an extension of time to answer the remaining claims in Counts II and III until fourteen days after the Court rules on the instant Motion to Dismiss, and for any other relief the Court deems reasonable and just.

LISA MADIGAN  
Attorney General of Illinois

Respectfully submitted,

By: s/ Erin M. Petrolis  
ERIN M. PETROLIS  
Assistant Attorney General  
General Law Bureau  
100 W. Randolph St., 13th Fl.  
Chicago, Illinois 60601  
(312) 814-4328